ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dmitrii Shalai, | No.    CV-25-04002-PHX-SHD (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| United States Department of Homeland Security, et al., | |
| Respondents. | |

On October 6, 2025, self-represented Petitioner Dmitrii Shalai, who is confined in the San Luis Regional Detention Center in San Luis, Arizona, filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus in the United States District Court for the Southern District of California, and, after the matter was transferred to this Court, an Amended Petition under 28 U.S.C. § 2241. (Doc. 10). Therein, Petitioner stated that he was ordered removed to Russia on March 11, 2025, that there was no likelihood of removal to Russia based on his past political activity, and argued that his continued detention (at that time more than eight months) was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). By Amended Order dated December 9, 2025, the Court ordered Respondents to show cause for why the Amended Petition should not granted. (Doc. 16). The Order required that "Respondent's response must be supported by documentary evidence and, if applicable, affidavits by individuals with personal knowledge of the facts contained therein and signed under penalty of perjury." (*Id.* at 3).

On December 12, 2025, Respondents responded to the Order to Show Cause. (Doc. 17). Despite the requirements of the Order to Show Cause, Respondents provided no documentary evidence of any kind, and stated only that they had "taken several steps toward acquiring travel documents for Petitioner." (*Id.* at 2). Respondents do not describe with any specificity what these "steps" are, when they occurred, or explain how they support that Petitioner's removal is reasonably foreseeable. While Respondents make several references to "Exhibit A," no exhibits or other evidence were included with the Response.[1] This is insufficient to discharge Respondents' burden under the Order to Show Cause. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government defendants fail to rebut showing that removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months"). Accordingly, the Court will grant the Petition and order that Petitioner be immediately released from custody.

**IT IS ORDERED:**

(1)     The Amended Petition Under 28 U.S.C. § 2241 (Doc. 10) is **granted**.

(2)     Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3)     No more than **48 HOURS** from the time of this Order, Respondents must file a notice of compliance.

. . . .

---

[1] It appears that "Exhibit A" was intended to be a "Declaration of Jose J. Ruiz, Deportation Officer, Enforcement and Removal Operations (ERO)". (*Id.*). This would be consistent with numerous similar filings Respondents have made in other immigration cases in this District over the past several months. In many of those cases, similar ERO and other deportation officer declarants lacked personal knowledge of the facts to which they were attesting, often only providing a rote recitation of a petitioner's "file" or "records" without attesting that they had any involvement in the production of those records or the events purportedly described therein. Respondents do not quote any part of this purported Declaration that sheds any light on what "steps" they have taken to effect Petitioner's removal, when those steps were taken, or how they support that Petitioner's removal is likely to occur in the reasonably foreseeable future. As such, even if the Court accepted the apparent declarations as evidence, they would not be sufficient to satisfy the Order to Show Cause.

- 2 -

(4)    The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 9th day of January, 2026.

Honorable Sharad H. Desai
United States District Judge

- 3 -